**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

**WALTER ROSS,**

 **Plaintiff,**          **Case No.**

vs.                  **Jury Trial Demanded**

**ESCALLATE, LLC,**

 **Defendants.**
_____/

## COMPLAINT

Plaintiff, Walter Ross ("Plaintiff"), files suit against the Defendant, Escallate, LLC, ("Defendant") and alleges the following.

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 §§ *et seq.* ("FDCPA"). This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1962 et seq.

2. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this District (where Plaintiff resides in this District, and where Defendant transacts business in this District).

## PARTIES

3. Plaintiff is a natural person who at all relevant times resided in Chicago, Illinois. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant, at all relevant times was engaged, by the use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff as that term is defined by 15 U.S.C. § 1692a(5). Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## **FACTUAL ALLEGATIONS**

5. On April 7, 2014, the Defendant sent or caused to be sent to Plaintiff, via U.S. Mail, a letter attempting to collect a debt or financial obligation incurred by Plaintiff for primarily personal, family or household purposes (hereinafter the "Debt Collection Letter") and Plaintiff received it shortly thereafter. A copy of the Debt Collection Letter is attached hereto as **Exhibit A**.

6. The Debt Collection Letter is a "communication" pursuant to the FDCPA, 15 U.S.C. § 1692a(2).

7. In the Subject Letter, Defendant described Plaintiff's rights under 15 U.S.C. § 1692g(a)(4) by stating in pertinent part: "If you notify this office within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification."

8. 15 U.S.C. § 1692g(a)(4) provides in pertinent part:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> *********
>
> a statement that if the consumer notifies the debt collector **in writing** within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector (emphasis added).

9. Defendant violated the FDCPA by failing to notify Plaintiff that (under 15 U.S.C. § 1692g(a)(4)) he had to request **in writing**, within the 30 day period, a verification of the debt. *See, e.g., Welker v. Law Office of Daniel J. Horowitz*, 699 F.Supp.2d 1164 (S.D. Cal. 2010); *see*

*also Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP,* 217 F.Supp.2d 336, 340 (E.D.N.Y.2002) ("Without a statement that [the requests under sub-section g(a)(4) must be in writing, the least sophisticated consumer is not simply uncertain of [his] rights under the statute, [he] is completely unaware of them." (internal citation omitted)).

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. 1692 § *et seq.*

10. Plaintiff incorporates by reference paragraphs 1 through 9 of this Complaint as though stated fully herein.

11. The foregoing act of Defendant constitutes a violation of 15 U.S.C. §§ 1692g, and 1692g(a)(4) by omitting the phrase "in writing."

12. As a result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to statutory damages in an amount up to $1,000.00, plus reasonable attorneys' fees and costs.

**WHEREFORE** Plaintiff demands judgment for damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

**Date: January 29, 2015**

                                              **DISPARTI LAW GROUP, P.A.**

                                              __/s/ Lawrence Disparti_____
                                              Lawrence Disparti, Esq.
                                              ldisparti@dispartilaw.com
                                              100 North LaSalle Street, Suite 1616
                                              Chicago, IL 60602
                                              (312) 506-5511
                                              *Attorneys for Plaintiff*